UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00186-RJC

| | |
|---|---|
| MARCUS R. SINGLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| BUNCOMBE COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A.

**I. BACKGROUND**

Pro se Plaintiff Marcus R. Singleton ("Plaintiff") is a pretrial detainee currently detained at Buncombe County Detention Center ("BCDC") in Buncombe County, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on July 21, 2023, against Defendants Buncombe County Sheriff's Department; Michael Cavalloro, a BCDC Officer; Johnny Dean Clontz, a BCDC Sergeant; Kenneth Varner, a BCDC Corporal; and Daniel Holmes, a BCDC Corporal. [Doc. 1]. Plaintiff sues the individual Defendants in their official capacities only. [Id. at 2-3].

Plaintiff's Complaint is not amenable to summary here. While at first blush it appears that Plaintiff's Complaint centers on two allegedly related though temporally disparate events – the first on December 27, 2022, and the second on or around April 27, 2023 – Plaintiff attaches numerous grievances to his Complaint that involve wholly unrelated matters. It is unclear whether Plaintiff also purports to state claims related to the facts and events claimed in those grievances.

Plaintiff also makes numerous allegations against individuals that he does not name as Defendants in this matter. Moreover, Plaintiff handwrites the text of numerous North Carolina statutes and other law throughout his Complaint without any related factual allegations.

Plaintiff purports to state the following claims: (1) violation of his Fourteenth Amendment due process and equal protection rights; (2) violation of his Eighth Amendment right to be free of cruel and unusual punishment; (3) violation of his right to equal protection under Article 1, Section 19 of the North Carolina Constitution; (4) violation of "N.C. Criminal law and procedure Ch. 162 Art. 4 162-55 & 15-C-11;" (5) defamation; and (6) intentional infliction of emotional distress. [Id. at 3].

For injuries, Plaintiff claims he was sanctioned with 50 days in administrative segregation and that he has suffered emotional distress and anxiety attacks.[1] [Id. at 8]. For relief, Plaintiff seeks monetary relief and for the Court to "inform the N. Carolina State Department to investigate this facilities [*sic*] minimum standards." [Id. at 8].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

---

[1] It appears that Plaintiff may also be claiming that Defendants' conduct caused him to suffer Post-Traumatic Stress Disorder (PSTD). [See Doc. 1 at 8]. If so, the Court notes that the medical record that Plaintiff included with his Complaint reflects that he was diagnosed with chronic PTSD well before the events alleged in Plaintiff's Complaint. [See Doc. 1-1 at 16].

2

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023). Plaintiff's Complaint fails for several reasons.

### A.   Unrelated Claims Against Unrelated Defendants

A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2)

there are common questions of law or fact.  Fed. R. Civ. P. 20(a)(2).  Here, Plaintiff appears to bring multiple unrelated claims against unrelated defendants.  These may not be litigated in the same action.  The Court cannot and will not blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action.  See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.).

   **B.   Official Capacity Claims**

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)).  The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort."  Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036).  That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation."  Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted).  "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law."  Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).  Here, Plaintiff does not allege that any official policy was the moving force behind any constitutional injury.  [See Doc. 1].  Plaintiff, therefore, has failed to state an official capacity claim against any Defendant or against the Buncombe County Sheriff's Department and Plaintiff does not sue Defendants in their individual capacities.

4

### C. Individuals Not Named as Defendants

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

For these reasons, Plaintiff's Complaint fails initial review. The Court will allow Plaintiff to amend his Complaint within thirty (30) days of this Order to properly state a claim for relief against a proper Defendant or Defendants. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. If Plaintiff amends his Complaint, he should succinctly and clearly allege the factual basis for each claim and which constitutional right(s) he contends were violated by which conduct. Plaintiff is also admonished that he must list every Defendant he intends to sue in the caption of the Complaint as directed on the blank § 1983 form he will be provided.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint in accordance with the terms of this Order, the Court will dismiss this action without

prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: August 29, 2023

Robert J. Conrad, Jr.
United States District Judge