# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-00186-RJC

| | |
|---|---|
| MARCUS R. SINGLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BUNCOMBE COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 11], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A.

## I. BACKGROUND

Pro se Plaintiff Marcus R. Singleton ("Plaintiff") is a pretrial detainee currently detained at the Buncombe County Detention Center ("BCDC") in Buncombe County, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on July 21, 2023, against Defendants Buncombe County Sheriff's Department; Michael Cavalloro, a BCDC Officer; Johnny Dean Clontz, a BCDC Sergeant; Kenneth Varner, a BCDC Corporal; and Daniel Holmes, a BCDC Corporal. [Doc. 1]. Plaintiff's Complaint failed initial review, primarily because Plaintiff asserted unrelated claims against unrelated defendants in a single action and because Plaintiff failed to state a claim for relief against any Defendant, whom Plaintiff sued in their official capacities only. [Doc. 10 at 3-5]. The Court explained to Plaintiff that he failed to state a claim against any Defendant because he did "not allege that any official policy was the moving force behind any constitutional injury" and Plaintiff did "not sue Defendants in their individual capacities." [Doc. 10 at 4]. The Court

admonished Plaintiff that "he must list every Defendant he intends to sue in the caption of the Complaint as directed on the blank § 1983 form he will be provided." [Id. at 5]. The Court allowed Plaintiff 30 days to amend his Complaint and properly state a claim for relief in accordance with the Court's Order. [Id. at 5-6].

Plaintiff's Amended Complaint is now before the Court on initial review. [Doc. 11]. In his Amended Complaint, Plaintiff lists only the Buncombe County Sheriff's Department as a Defendant in the caption of the Complaint. [See Doc. 11 at 1]. In the body of the Complaint, Plaintiff also purports to name Michael Cavallaro, Johnny Dean Clontz, and Kenneth Varner as Defendants, all in their official capacities only. [Id. at 2-3]. Plaintiff alleges as follows.

On December 27, 2022, at approximately 8:00 p.m., Defendant Cavallaro was doing rounds in the 6-East Housing Unit at the BCDC. Defendant Cavallaro walked to his desk and removed his utility belt and his radio. [Id. at 8]. Defendant Cavallaro opened Plaintiff's cell door, presumably remotely, and walked up the stairs toward the Plaintiff's cell, verbally threatening to hurt the Plaintiff. [Id.]. Defendant Cavallaro reached Plaintiff's cell door and "aggressively" initiated contact with the Plaintiff. [Id. at 9]. A physical altercation ensued, leaving Defendant Cavallaro with a bloody nose and dislocated shoulder. [Id. at 9, 13]. Defendant Varner drove Defendant Cavallaro to the Mission Hospital emergency room for medical care because Cavallaro did not want an ambulance called. [Id. at 15].

At the time of this incident, only one camera capturing the area of the incident was functional. [Id. at 12]. The footage from this single camera showed only "the angle of physical altercation" between Plaintiff and Defendant Cavallaro and did not show Cavallaro's preceding "verbal and physical assault on Plaintiff." [Id. at 7]. The available camera footage was used in the related disciplinary hearing against Plaintiff. [Id.].

2

Following Plaintiff's altercation with Defendant Cavallaro, Defendant Clontz "acted in concert as a conspirator [b]y the lack of involvement" in the "<u>initial</u> investigation" and "attempted to alter documents and video footage" that were submitted to the administrative investigating officer, Sergeant Williams. [Id. at 9 (emphasis in original)]. Defendant Varner "also acted in concert as a conspirator [b]y the lack of involvement in the <u>administrative</u> investigation" and allowed Defendant Clontz to alter documents submitted by Defendant Cavallaro," which "alter[ed] the roles" of Plaintiff and Defendant Cavallaro. [Id. at 9-10 (emphasis in original)]. Plaintiff was labeled "assaultive" by BCDC administration "[b]y this act of [defamation]." [Id. at 9]. In a May 21, 2023 grievance Plaintiff submitted with his Amended Complaint, Plaintiff wrote that Corporal Daniel Holmes falsified a statement on April 28, 2023, and Defendant Cavallaro falsified records on December 27, 2022, and "from this passive misrepresentation, these officers have been allowed to communicate threats to detainee's and execute these threats by manipulating policy and procedure of this facility [and,] as a result [Plaintiff] was targeted and punished because of this breach of duty and violation of the affirmation of truthfulness." [Doc. 11 at 27 (errors uncorrected)]. After an "open-investigation was conducted (and camera footage was reviewed months later)[1] by Buncombe County Sheriff's Department Administration," however, Administrative Officer Captain Bacote identified Defendant Cavallaro as the aggressor. [Id. at 10].

Plaintiff purports to bring his Amended Complaint pursuant to <u>Bivens</u>[2] and 42 U.S.C. §

---

[1] Plaintiff does not explain if or how this footage included additional camera angles.

[2] A <u>Bivens</u> action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395-97 (1971). Plaintiff's allegations do not implicate <u>Bivens</u>, and this claim will not be addressed further.

3

1983 and claims that Defendants' conduct violated his Fourteenth Amendment due process rights.³ [Id. at 3-4]. Although a claim is not explicitly delineated, Plaintiff also alleges that Defendants' conduct constituted "defamation." [Id. at 9, 11]. For injuries, Plaintiff claims he has suffered "emotional damage" caused by the intentional infliction of emotional distress and defamation, anxiety, aggravation of his P.T.S.D., "medical complications [that] trigger asthma and stress," hives, and "blood pressure reaching stroke level because of housing at B.C.D.F." [Id. at 16]. For relief, Plaintiff seeks $1.5 million and medical expenses. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear

---

³ Plaintiff also asserts that Defendants "acted 'under the color [of] state law[']" by virtue of Section 19 of the North Carolina State Constitution, N.C. Gen. Stat. § 153A-216, and "Regulation of Buncombe County Sheriff's Disciplinary procedure." [Doc. 11 at 6]. To the extent Plaintiff purports to state claims for relief under these provisions and procedure, he has not and, like Bivens, such purported claims will not be addressed further.

failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff's Amended Complaint fails initial review.

Plaintiff sues Defendants in their official capacities only. As the Court explained to Plaintiff in its Order on initial review of Plaintiff's Complaint:

> Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

[Doc. 10 at 4]. Plaintiff again does not allege that any official policy or custom was the moving force behind any constitutional injury. [See Doc. 11]. Plaintiff, therefore, has failed to state an official capacity claim against any individual Defendant or against Defendant Buncombe County Sheriff's Department and, despite the Court having explained this issue to Plaintiff, he,

5

nonetheless, failed to sue Defendants in their individual capacities.

Moreover, despite the Court's admonishment and the instructions listed on the form, Plaintiff again failed to identify the individual Defendants in the caption of his Amended Complaint. [See Doc. 11 at 1]. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The individual Defendants, therefore, are subject to dismissal on this ground alone.

Finally, to the extent the Plaintiff intended to state a claim under North Carolina state law for defamation, the Court declines to exercise supplemental jurisdiction over such claim because no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, this claim is also dismissed.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise failed to properly state a claim for relief, the Court will dismiss this action.

## IV.    CONCLUSION

For the reasons stated herein, the Court will dismiss this action for Plaintiff's failure to state a claim for relief in accordance with the terms of this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 11] fails initial review for Plaintiff's failure to state a claim for relief and this action is **DISMISSED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to terminate this action.

Signed: September 30, 2023

Robert J. Conrad, Jr.
United States District Judge